[Crim. No. 439.   Third Appellate District.—June 26, 1918.]

## THE PEOPLE, Respondent, v. LEE SING PARK, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—HARMLESS ERROR.—In this prosecution for murder, it is held there is nothing in any of the rulings on testimony which, even assuming some to have been erroneous, could have unduly prejudiced the rights of the defendant.

ID.—VERDICT—SUFFICIENCY OF EVIDENCE.—It is also held that the evidence was sufficient to support the verdict.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, and Carl Barnard, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted, in the superior court of Sonoma County, of the crime of murder of the first degree, the jury having, in the exercise of the discretion committed to them by section 190 of the Penal Code, adjudged that the accused be confined in the state prison for life.

The defendant has appealed from the judgment and the order denying his motion for a new trial, but no brief has ever been filed in support of the appeals, nor was he represented by counsel when the cause was called for hearing and argument at the regular June term of this court, upon the calendar of which the case was regularly placed for hearing and argument. The attorney-general, therefore, submitted the case upon the record.

The defendant was jointly charged by information with one William Yee and one Toy Yock of the crime of murdering one Hom Hong, on or about the eleventh day of March, 1917, at a ranch near the city of Santa Rosa, in the said county of Sonoma. He was given a separate trial, with the result as above stated.

William Yee, one of the defendant's codefendants, was, previously to the trial of the present case, separately tried and convicted of murder of the first degree, the jury fixing the punishment in his case at imprisonment for life, and upon appeal the judgment and the order were affirmed by this court on June 18, 1918. The general facts of this case are stated in the opinion filed in the said case of *People* v. *William Yee, ante,* p. 579, [174 Pac. 343], and it is, therefore, unnecessary to repeat them herein. Nor, since no argument, either oral or printed, was made before this court pointing out the errors, if any there were, upon which the appellant intended to rely for a reversal, is it necessary or even practicable for the court to consider herein the numerous exceptions reserved by the defendant to rulings admitting and excluding certain testimony. It must suffice to say, generally, that we have examined the record with care and perceive nothing in any of

the rulings upon the question of the propriety or impropriety of the testimony which, even assuming some to have been erroneous, could have unduly prejudiced the rights of the accused or which had the effect of depriving him of a fair and impartial trial. Indeed, we are justified in saying that the record is comparatively free from error, and that the accused was accorded a perfectly fair trial. As to the instructions, we are prepared to declare that a careful examination of the entire charge delivered by the court to the jury has convinced us that thus the law of the case was clearly and correctly stated.

There is no claim that the evidence was insufficient to support the verdict. Nor could such a claim find support in the record. The evidence, generally speaking, was, as above stated, the same as that presented in the case of *People* v. *William Yee,* and, as will be observed by an examination of the opinion in that case, it was amply sufficient to justify the jury, if they believed it, in finding the accused guilty. Indeed, we may say as to both cases that, under the evidence as it is presented to us, and as we are required to consider it, the accused can count themselves as singularly fortunate in having been saved from the extreme penalty which the law provides may be inflicted in a case of murder of the first degree; for the act of killing Hom Hong, by whomsoever committed, involved a deliberate and cruel murder, in the commission of which there appeared no circumstances of mitigation which justified the infliction of any punishment less than that of death.

The judgment and the order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.